NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE PRAY,<br><br>Defendant. | Criminal Action No.: 2:88-cr-00175<br><br>**MEMORANDUM OPINION AND ORDER** |

**CECCHI, District Judge.**

### I. INTRODUCTION

Presently before the Court is Defendant Wayne Pray's ("Defendant") motion (ECF No. 3) to vacate his sentence. For the following reasons, the Court will deny Defendant's motion.

### II. BACKGROUND

In October 1989, after a jury trial, Defendant was convicted of six separate counts including: leading a Continuing Criminal Enterprise involving more than 150 kilograms of cocaine, conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 100 kilograms of marijuana, three substantive counts of possession with intent to distribute cocaine, and conspiracy to import more than 98 kilograms of cocaine. (ECF No. 6 at 1-2). In January 1990, Defendant was sentenced to a mandatory term of life imprisonment, as well as two twenty-five year sentences to run concurrently and one twenty-five year sentence to run consecutively. (*Id.* at 2 and n.1).

Since Defendant's sentencing, Defendant has filed a number of motions and other documents challenging his conviction and sentence. (*Id.* at 2 (describing Defendant's filing of a motion to vacate his sentence, request for en banc review, motion to recall the mandate in that proceeding, application for authorization to file a second or successive § 2255 motion, petitions for writ of mandamus, motions to reduce his sentence, and application for executive clemency,

which were all subsequently denied)). According to the Government, the most relevant motion to the instant matter was filed in 1997, when "Pray filed a motion to vacate his sentence under 28 U.S.C. § 2255," which "[t]he District Court denied[.]" (*Id.*). The District Court also "declined to issue a certificate of appealability on remand," and the Third Circuit "denied Pray's application for authorization to file a second or successive § 2255 motion." (*Id.*).

Thereafter, Defendant filed the instant motion. (ECF No. 3). Although styled as a "corrected motion to vacate his general sentence," (*id.* at 1), Defendant avers that "the motion is actually a request for miscellaneous relief based primarily on a decision from the United States District Court for the Eastern District of New York, *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) (Gleeson, J.)." *United States v. Cruz*, No. 95-204, 2017 WL 2653160, at *1 (M.D. Pa. June 20, 2017). "In *Holloway*, which will be discussed in greater detail below, the United States Attorney—in response to several direct requests from the district judge—agreed to vacate certain convictions in order to reduce a 57-year sentence that was the result of mandatory minimum requirements." *Id.*

The Government filed a response to the instant motion, asserting that Defendant's motion is an unauthorized successive § 2255 motion. (ECF No. 6 at 3). In the alternative, the Government argues that *Holloway* does not provide Defendant with a valid basis for post-conviction relief. (*Id.* at 4).

### III. <u>DISCUSSION</u>

As a preliminary matter, the Court notes that Defendant's motion, to the extent that it "challeng[es] the validity of his prison sentence," (ECF No. 6 at 3), could be construed as an unauthorized successive § 2255 motion. Nonetheless, the Court will consider the substance of Defendant's motion below.

Defendant "asks this court to follow *Holloway*'s example by requesting that the [Court]

revisit his case and exercise its discretion to vacate one or more counts of conviction or take some other action that would reduce his current federal sentence." *Cruz*, 2017 WL 2653160, at *1. For the reasons that follow, the Court finds that Defendant's case is distinguishable from *Holloway*, and will deny his request.

In *Holloway*, the Defendant "stole three cars at gunpoint during a two-day span in October 1994." *Holloway*, 68 F. Supp. 3d at 312. The Government "brought separate counts for each carjacking, and each carjacking count was accompanied by its own so-called '§ 924(c) count.'" *Id.* Before trial, the Government "offered Holloway a plea bargain. In exchange for Holloway's plea of guilty to the carjackings, it would drop two of the three § 924(c) counts, resulting in a sentencing range of 130-147 months." *Id.* At trial, Holloway "was found guilty of the charges," and was sentenced to "57 years and 7 months." *Id.* at 312-13. Subsequently, the Court in *Holloway* revisited his case and mandatory sentence, more specifically summarized in *Cruz* as follows:

> In highlighting the draconian nature of Holloway's mandatory sentence, Judge Gleeson noted that in 2013, the average federal sentence for murder was only 268 months. He also juxtaposed Holloway's sentence with that of Holloway's co-defendant, who had engaged in similar conduct but received a sentence of just 27 months after pleading guilty and testifying for the government. In light of what appeared to Judge Gleeson to be an extremely unjust punishment, on two separate occasions he called on the United States Attorney to consider having the government exercise "its discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions."
>
> After thoroughly reviewing the circumstances of the case and Holloway's "extraordinary" record during his twenty years of incarceration, as well as completing a time-consuming search to find and speak to several of the carjacking victims, the government agreed that it would not oppose a motion to vacate two of the § 924(c) convictions and resentence Holloway. As Judge Gleeson explained, Holloway's "sentence was far more severe than necessary to reflect the seriousness of his crimes and to adequately protect the community from him," and the government made the courageous decision to "remedy injustice[]" rather than simply taking the "easy route" by responding that "there's nothing we can do about your sentence[.]"

2017 WL 2653160, at *2 (alterations in original) (citations omitted).

3

Preliminarily, the Court "notes that *Holloway* is a district court decision from outside the Third Circuit, and has no binding effect on this court." *Id.* Moreover, the Court finds that Defendant's circumstances are distinguishable from those in *Holloway*.

First, unlike in *Holloway*, the Government has neither withdrawn its opposition to Defendant's motion to vacate his sentence nor indicated to the Court that it would not oppose the granting of Defendant's motion to vacate his sentence. (ECF No. 6 at 5). Second, "Holloway's criminal activity took place over a span of two days," *Cruz*, 2017 WL 2653160, at *2, while Defendant's charged conduct occurred over the course of approximately a decade. (ECF No. 6 at 1). Third, Defendant "was one of New Jersey's most notorious drug traffickers – responsible for a decade's worth of human suffering[.]" (*Id.* at 5). Finally, the Court in *Holloway* made clear that its decision "poses no threat to the rule of finality, which serves important purposes in our system of justice. There are no floodgates to worry about; the authority exercised in this case . . . will no doubt be [used] sparingly." *Holloway*, 68 F. Supp. 3d at 316.

The Court notes that Defendant has made a significant effort to better himself while in prison. (ECF Nos. 3-7; 3-8; 3-9; 3-11; 3-12). Nonetheless, the Court will deny Defendant's motion. "Defendant's circumstances are materially different than the circumstances in *Holloway*, and do not warrant the relief he currently seeks." *Cruz*, 2017 WL 2653160, at *3.

## IV. CONCLUSION

Accordingly, for the reasons set forth above:

IT IS on this __5__ day of __October__, 2018,

**ORDERED** that Defendant's motion to vacate his sentence, ECF No. 3, is **DENIED** and the Clerk shall serve a copy of this Memorandum Opinion and Order on Defendant.

CLAIRE C. CECCHI, U.S.D.J.